**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5103

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HECTOR REINAT, a/k/a Chico,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (1:05-cr-00126-2)

Submitted: October 11, 2007          Decided: October 15, 2007

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Matthew A. Victor, VICTOR, VICTOR & HELGOE, LLP, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Reinat pled guilty to distributing five grams or more of cocaine base (crack), 21 U.S.C.A. § 841(a) (West 1999 & Supp. 2007), and was sentenced to a term of 135 months imprisonment. Reinat contends on appeal that his sentence was unreasonable because the district court plainly erred in imposing a sentence at the top of the guideline range without considering his individual characteristics, as required under 18 U.S.C.A. § 3553(a)(1) (West 2000 & Supp. 2007). See United States v. Olano, 507 U.S. 725, 732-37 (1993) (setting out plain error standard of review). We affirm.

After United States v. Booker, 543 U.S. 220 (2005), the sentencing court must calculate the appropriate advisory guideline range and consider the range in conjunction with the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), to determine an appropriate sentence. United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A sentence within a properly calculated advisory guideline range is presumptively reasonable. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see United States v. Rita, 127 S. Ct. 2456, 2462-68 (2007). The record reveals that the court considered the § 3553(a) factors, although the court did not explicitly discuss each factor on the record. It was not required to do so. Johnson, 445 F.3d at 345. Reinat suggests that the court erred in

mentioning information from a co-defendant's trial; however, the court did not rely on this information to resolve any disputed matters.  We conclude that no error occurred, and that the sentence imposed was reasonable.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED